IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENYONNA BROWN (an incapacitated person), by and through her Next Friend and Mother, TIFFANY BROWN, )))) | |
| Plaintiff, )) | |
| vs. )) | Case No. 05-0768-CV-W-ODS |
| THE SCHOOL DISTRICT OF KANSAS CITY, MISSOURI, et al., ))) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

Pending is Defendants' Motion for Summary Judgment (Doc. #65). For the following reasons, the motion is granted.

I. BACKGROUND

Plaintiff Kenyonna Brown is a nineteen year-old former student of the School District. Plaintiff has a learning disability and has been diagnosed as mentally retarded. Plaintiff appears in this case by and through her next friend and natural mother, Tiffany Brown. The School District of Kansas City, Missouri ("School District") is a public school district, a governmental body organized and existing under the laws of the state of Missouri. At all times relevant here, Dr. Jennifer Malone was an employee of the School District and principal of R.J. Delano School. Delano School is a school attended primarily by mentally challenged students. Defendant Joseph Tyree was an employee of the School District and a teacher at Delano, employed as an industrial technology teacher. Plaintiff was a student in Tyree's class during the Summer 2002 session, the fourth quarter of the Spring 2003 session and the Summer 2003 session.

On or about July 24, 2002, June LaMothe, a counselor at Delano, reported to Dr. Malone that Tyree made an inappropriate comment to Althea Dean, another staff member of Delano, regarding Dean's breast size. Dr. Malone initiated an investigation, and Dean reported Tyree made the comment on July 10, 2002. During the course of the

investigation, Dr. Malone interviewed other Delano employees, some of whom reported hearing Tyree make other inappropriate comments. Some of the statements were made in the presence of other Delano employees and students. Only two reports bore any connection to Plaintiff (and it is not clear whether those reports related to the same or different incidents.) Carolyn White stated that on or about July 22, 2002, she heard Tyree call Plaintiff a "ho" or "a hooch." Cynthia Kendrick stated she heard Tyree call Plaintiff a "hoochie," tell her she should not come into his classroom "dressed like that," and that she should tell her mother he called her a "hoochie."

The School District completed its investigation of Tyree in October 2002, concluding there was substantial evidence Tyree failed to meet his responsibilities as a teacher and acted improperly in the work environment. Tonia Gilbert, Staff Attorney for the School District, recommended Tyree receive a letter of reprimand, sexual harassment training and an involuntary transfer. Tyree was formally reprimanded, placed on probationary status for the remainder of the 2002-03 school year and required to complete sexual harassment training. The decision as what discipline to impose was made at the recommendation of the School District's legal department and Kathy Walter-Mack, the School District's General Counsel.

In July 2003, after Tiffany Brown picked up Plaintiff from school, Chantell, Plaintiff's sister, noticed her pants were ripped. Plaintiff informed her mother that Tyree had ripped her pants and raped her. Prior to that date, Plaintiff had not told anyone about any sexual contact with Tyree. Plaintiff filed this action against the School District, Tyree and Dr. Malone on August 26, 2005. Count I alleges a violation of Title IX against the School District and Counts III and IV allege violations of Plaintiff's civil rights under 42 U.S.C. § 1983 against Dr. Malone and the School District. Count II is a § 1983 claim against Tyree and is not addressed in the pending motion.

## II. DISCUSSION

A. Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party

2

is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

B. 1983 Claim

> 42 U.S.C. § 1983 provides in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff alleges the School District violated § 1983 by(1) failing to receive, investigate, or act on complaints of violations of constitutional rights by Tyree, and (2) maintaining inadequate administrative policies for detection and investigation of incidents of sexual misconduct.

As a local governmental entity, the School District may be found liable under Section 1983 for "a governmental custom of failing to receive, investigate and act upon complaints of sexual misconduct of its employees." Larson v. Miller, 76 F.3d 1446 (8th Cir. 1996). Under Section 1983, Plaintiff must establish both the existence of an official

3

custom and that the custom caused her constitutional harm. <u>Thelma D. by Dolores A. v. Board of Educ</u>., 934 F.2d 929, 932 (8th Cir.1991). To prove such a custom, Plaintiff must show:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

<u>Larson v. Miller</u>, 76 F.3d 1446 (8th Cir. 1996)(citing <u>Jane Doe A. by and through Jane Doe B. v. Special Sch. Dist</u>., 901 F.2d 642, 646 (8th Cir. 1990)).

Here, Plaintiff fails to establish the requisite "continuing, widespread, persistent pattern of unconstitutional misconduct" necessary to maintain her Section 1983 claim. The uncontroverted facts indicate the School District received complaints from other Delano employees regarding inappropriate sexual comments made by Tyree a year prior to the alleged rape. After receiving the complaints, Tyree was thoroughly investigated, formally reprimanded, placed on probationary status for the remainder of the 2002-03 school year and required to complete sexual harassment training.

In previous Section 1983 actions against school officials, the Eighth Circuit has held that similar or even more extensive records of prior complaints were insufficient to constitute a pattern of unconstitutional behavior. In <u>Jane Doe A.</u>, 901 F.2d at 644, 646, a school bus driver received numerous complaints over the course of a two year period, including that he used foul language, physically restrained and assaulted children, kissed a child, placed his hand down a boy's pants, and touched boys' crotches. The Eighth Circuit concluded this was insufficient to show persistent pattern of unconstitutional misconduct. <u>See</u> also <u>Thelma D.</u>, 934 F.2d at 933 ("[F]ive complaints scattered over sixteen years cannot, as a matter of law, be said to comprise a persistent and widespread pattern of unconstitutional misconduct."). In this case, complaints were received involved sexual comments made to school employees, but no complaints of

4

physical touching or abuse of the students. This is not adequate evidence of a widespread pattern of unconstitutional behavior.

Even if this conduct established a widespread pattern of unconstitutional behavior, the School District's actions do not amount to deliberate indifference. The School District received complaints about Tyree's behavior, investigated the complaints, and disciplined Tyree as a result.

### 1. Dr. Malone

Individual Defendants are subject to personal liability under Section 1983 for failure to adequately respond to the known risk of physical and emotional harm presented by Tyree if Plaintiff can prove that they:

      (1) Received notice of a pattern of unconstitutional acts committed by subordinates;
      (2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
      (3) Failed to take sufficient remedial action; and

      (4) That such failure proximately caused injury to the child[ ].

Jane Doe A., 901 F.2d at 645.

Plaintiff alleges Dr. Malone knew of prior complaints regarding Tyree's inappropriate sexual comments, but failed to investigate and reasonably act upon the information. As stated above, Dr. Malone did not have notice of a pattern of unconstitutional acts committed by Tyree. When Dr. Malone was alerted to Tyree's inappropriate comments, she initiated an investigation, which lead to the discipline of Tyree.

### C. Title IX

Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance. 20 U.S.C. §1681(a). For a school district to incur liability under Title IX, it must be (1) deliberately indifferent (2) to known acts of discrimination (3) which occur

5

under its control. Shrum ex rel. Kelly v. Kluck, 249 F. 3d 773, 782 (8th Cir. 2001). A school district will only be held liable for situations which it "exercises substantial control over both the harasser and the context in which the known harassment occurs." Id. In other words, a school district must have had actual notice of a teacher's sexual harassment of a student and the school district must have made an official decision not to remedy the violation in order for liability to attach to the school district. P.H. v. School District of Kansas City, Missouri. 265 F.3d 653, 661 (8th Cir.2001). The School District was aware of Tyree's comments about Plaintiff, but Tyree was disciplined at that time for such comments. None of the complaints alleged of sexual abuse. The Supreme Court has refused to impose Title IX liability in situations where the school district failed to react to a student-teacher harassment of which it *should have* known. Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 642 (1999).

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is granted. Judgment is entered in favor of Defendants' on Counts I, III and IV. Count II against Defendant Tyree is still pending.


IT IS SO ORDERED.

Date: January 18, 2007  /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT